UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv75-FDW

| | |
|---|---|
| TIMOTHY GEORGE KOHUTH, )<br> )<br>    Petitioner, )<br> )<br>vs. )<br> )<br>HAROLD REEP, )<br> )<br>    Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner Timothy George Kohuth's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, according to the Petition and attached exhibits, was arrested in Iredell County on July 31, 2008, after an accident in which another person was killed. Investigators had two vials of Petitioner's blood drawn, which they sent to the North Carolina State Bureau of Investigation ("SBI") for testing. An SBI Chemical Analyst tested the blood and determined that one sample had an alcohol concentration of 0.08 and the other had an alcohol concentration of 0.09. The report was dated November 10, 2008, and contained the following notice: "The disposition of this evidence is as follows: The evidence will be retained for 60 days. If no further disposition is requested, the evidence will be destroyed following that period." (SBI Crime Lab Report, Pet'r's Ex. II, Doc. No. 1-2 at pg. 3.) The report was provided to the defense in discovery. (Trial Tr. State v. Kohuth, 08-CRS-6438, etc., Pet'r's Ex. III, Doc. No. 1-2 at pg. 4.) The blood was discarded by the SBI Crime Lab on January 15, 2010. (State's Answer to Mot. for Ind. Chem. Analysis Test, Pet'r's Ex. V, Doc. No.

1

1-2 at pg. 6.)

On September 20, 2010, Petitioner pled guilty in Iredell County Superior Court to the charge of second degree murder, stemming from the accident. (Pet. 1.) He was sentenced to 114-144 months in prison. (Pet. 1.) He did not file a direct appeal.

On July 31, 2015, Petitioner filed a motion for appropriate relief ("MAR") in the Iredell County Superior Court, which was denied on August 6, 2015. (Pet. 2.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on December 1, 2015, seeking review of the denial of his MAR; his petition was denied on December 16, 2015. (Order Den. Cert. Pet., Doc. No. 1-2. at pg. 2.)

Petitioner filed the instant § 2254 habeas Petition on April 28, 2016, when he placed it in the prison mail system. (Pet. 14.) Petitioner claims that trial counsel was constitutionally ineffective for failing to challenge the State's version of the facts and allowing the State to destroy blood evidence prior to Petitioner entering his plea. He also claims the State violated his right to due process when it destroyed blood evidence prior to his entering a plea. (Pet. 5-7.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

2

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment in Petitioner's case was entered on September 20, 2010, when he was sentenced. To the extent Petitioner retained a right to a direct appeal subsequent to his guilty plea, he had 14 days to file the notice of appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his conviction became final no later than October 4, 2010, when the time for seeking review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on October 4, 2011, almost four years before Petitioner filed his MAR in the Iredell County Superior Court. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred. See id.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is

---

[1] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

3

appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

From the exhibits attached to the habeas Petition, it appears Petitioner's first post-conviction action in state court was a motion for an independent chemical analysis of the blood evidence in his case. That motion was dated July 22, 2014, almost four years after his conviction. (State's Answer to Mot. for Ind. Chem. Analysis Test 6.)[2] Thus, his own evidence shows that Petitioner has not been pursuing his rights diligently. See Holland, 560 U.S. at 649.

Petitioner's explanation for his failure to file a timely habeas Petition is that:

> [T]hrough the process of his incarceration [Petitioner] felt that he was maliciously prosecuted because there was no malicious intent on his part due to the accident that led to his imprisonment. So due diligence that has led to these events of the U.S. constitutional violation that has been presented has come with the course of due time because there was never a straight answer by the State or through counsel about the relevant facts.

(Pet. 13.) Such explanation is insufficient to demonstrate that some extraordinary circumstance stood in the way of his filing a timely federal habeas petition. See id.

## IV. CONCLUSION

The instant habeas Petition is untimely under § 2244(d)(1)(A), and Petitioner has demonstrated neither the diligence nor extraordinary circumstances required to justify equitable tolling in this case. See Holland, 560 U.S. at 649. Thus, the Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

---

[2] Although Petitioner never asserts that it is the case, the Court presumes it was not until the State responded to his 2014 motion that Petitioner learned the blood evidence was destroyed prior to entry of his plea.

4

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 16,

Frank D. Whitney
Chief United States District Judge